GERARD B. WERNER and FREDERICKA K. WERNER, Infants, by SOPHIE WERNER, their Guardian ad Litem, Appellants, v. THE FRANKLIN NATIONAL BANK OF THE CITY OF NEW YORK, Respondent, Impleaded with Others.

*Mortgage upon trust property — who is a purchaser for value without notice — effect of an agreement not to record it — insufficient basis for an extra allowance.*

An agreement by a creditor of a firm to extend the time for the payment of the firm's indebtedness, and to refrain from taking proceedings to enforce such payment, furnishes a valid consideration for a mortgage executed to the creditor by one of the members of the firm upon a leasehold property purchased by him in his own name with moneys belonging to his infant wards, and renders the creditor a *bona fide* holder of the mortgage.

A promise by the creditor to the mortgagor to refrain from recording the mortgage, made upon the latter's representation that it would injure his credit, does not render the mortgage invalid as to the mortgagor's wards, in the absence of proof that the firm was insolvent, or that it intended to hinder, delay and defraud its creditors.

*It seems,* that where the complaint, in an action brought by the mortgagor's wards to establish a resulting trust in the leasehold property, alleges that the creditor took the mortgage without consideration and with notice of the plaintiffs' rights, and does not allege that the agreement to refrain from recording the mortgage was made with intent to defraud the creditors of the firm, the latter objection cannot be raised for the first time upon an appeal from a judgment dismissing the complaint.

An extra allowance cannot be granted in such an action, where there is no evidence of the value of the leasehold property at the time of the execution of the mortgage, except that several years before the commencement of the action it had been purchased for the sum of $2,500.

A statement by the mortgagor as to the value of the leasehold property at the time of the execution of the mortgage, is not admissible as against the plaintiffs.

APPEAL by the plaintiffs, Gerard B. Werner and another, infants, by Sophie Werner, their guardian ad litem, from a judgment of the Supreme Court in favor of the defendant The Franklin National Bank of the city of New York, entered in the office of the clerk of the county of New York on the 26th day of October, 1899, upon the decision of the court rendered after a trial at the New York Special Term.

*Benno Loewy*, for the appellants.

*Philip Carpenter*, for the respondent.

INGRAHAM, J.:

The action was brought to have a resulting trust declared as to certain leasehold property, the title to which had been taken by one Charles Lewis, one of the guardians of the plaintiffs, in his own name, the consideration paid therefor having been a part of the estate of the infant plaintiffs. The Franklin National Bank was made a defendant in the action, as a holder of a mortgage upon the premises made by the said Charles Lewis. The complaint alleges that on the 6th day of June, 1898, the firm of Charles Lewis & Brothers, as security for an existing indebtedness to the defendant the Franklin National Bank of the city of New York, and without other value or consideration, delivered to the said defendant a certain mortgage executed by Charles Lewis, Rae Lewis, his wife; Martin M. Lewis, and Jacob Lewis and Tillie Lewis, his wife, bearing date the 6th day of June, 1898, wherein and whereby there was mortgaged to the said defendant bank, with other property, the said leasehold purchased and held for these plaintiffs, as aforesaid, and that the said mortgage was so accepted by the defendant the Franklin National Bank of the city of New York, without value or consideration, except said antecedent indebtedness, and with actual or constructive knowledge of the trust upon which the said leasehold was

received and held by the said Charles Lewis, as aforesaid, and with full knowledge that the said lease or leasehold was not the property of Charles Lewis; that thereupon an instrument was executed by the Franklin National Bank of the city of New York and delivered to the said firm of Charles Lewis & Brothers, wherein and whereby the said defendant bank agreed and undertook not to record the said mortgage, and that the said agreement not to record the said mortgage was incorporated in the said instrument, for the purpose of precluding knowledge on the part of these plaintiffs and the said Sophie Werner, as one of their general guardians, of the unlawful use, misappropriation and conversion of plaintiffs' property, as aforesaid; that by reason of such failure to record the said mortgage, knowledge of such misappropriation of the plaintiffs' funds was actually withheld from these plaintiffs and the said Sophie Werner, and they were thereby prevented from taking any steps either to abrogate the said mortgage, or otherwise to secure themselves against loss by reason of the making thereof. These allegations are denied by the defendant the Franklin National Bank.

There is no allegation in the complaint that the Franklin National Bank, or Charles Lewis, or the firm of Charles Lewis & Brothers, executed the said agreement under which the said mortgage was given, with the intent to hinder, delay or defraud the creditors of Charles Lewis, or of the said Charles Lewis & Brothers. Nor are the plaintiffs in a position to maintain a creditor's bill against either of the defendants in this action, as they have obtained no judgments against Charles Lewis, or Charles Lewis & Brothers, upon which such an action could be based. The cause of action alleged in the complaint is one solely to have a resulting trust in this property declared, with the allegation that this defendant, the Franklin National Bank, took the mortgage in question without consideration and with knowledge of the rights of these plaintiffs.

The main point urged by the appellants upon this appeal is that, assuming that the defendant bank was a holder of the mortgage for value, it was not a *bona fide* purchaser, because it appears affirmatively that an agreement not to record such mortgage was made with the intent to defraud creditors of Charles Lewis & Brothers, and to enable him to obtain or retain a fictitious credit. It is not

disputed that under the decisions of the Court of Appeals the
defendant bank's agreement to extend the indebtedness due from
the firm of Charles Lewis & Brothers, and to refrain from taking
proceedings to enforce such indebtedness, was a valid consideration
for the mortgage, and made the Franklin National Bank a holder
of such mortgage for value.   The plaintiffs' counsel frankly con-
ceded that under such decisions that question was not an open one
in this court; and we need not, therefore, discuss it.   The court
below found that this extension for the payment of this indebted-
ness of Lewis & Brothers to the Franklin National Bank was made
upon the faith and security of these various mortgages, which were
given at the time of such indebtedness to secure its payment.   There
is no evidence to show — in fact, the whole evidence negatives a
claim — that the Franklin National Bank had any knowledge that
this property in question was not the property of Charles Lewis, or
that the plaintiffs, or any one other than Charles Lewis, had any
interest therein.   The claim of the plaintiffs is based upon the
agreement between Charles Lewis and the Franklin National Bank,
which they claim was a fraud upon the creditors of Charles Lewis.
It seems that as part of the agreement by which this extension
was granted, Charles Lewis & Brothers were to give two mort-
gages to secure the payment of the amount of the indebtedness
when the same should become due under the extension agreement.
One of these mortgages, on what is known as the Sixty-fourth
street property, was in the name of the firm, and that was at once
recorded.   The other mortgage covered three other pieces of
property, which stood in the name of Charles Lewis, one of which
was the leasehold property in question.   During the negotia-
tions which resulted in the agreement to extend the payment of
this indebtedness, Charles Lewis objected to recording the mort-
gage upon any of the property except the Sixty-fourth street prop-
erty, stating that recording such mortgage would tend to injure his
credit; and it was finally agreed by the Franklin National Bank to
accede to his request and not to record this mortgage.   There is no
evidence to show that the Franklin National Bank believed or had
any reason to believe that the firm of Charles Lewis & Brothers, or
Charles Lewis individually, was insolvent or unable to pay their
debts, or in any financial difficulty, except that they had requested

this particular creditor to extend the time for the payment of the money due to it. It appeared, without contradiction, that the firm of Charles Lewis & Brothers claimed to have a large amount of property in excess of its indebtedness; that it did actually have at that time in the store of the firm a large amount of personal property which, so far as appears, was unincumbered and was in excess of the claim of the Franklin National Bank. Upon the pleading and this proof it is difficult to see how an intent to defraud creditors could be inferred from a request to refrain from recording the mortgage. It is consistent with good faith that a business firm, engaged in mercantile transactions, should be anxious to avoid any act which, however honest in itself, would tend to impair its credit or make persons dealing with it suspicious as to its solvency; and in the absence of proof that the firm was insolvent or in financial difficulties, or intended to commit some fraud upon its creditors, or upon those with whom it intended to have dealing, the fact that the firm requested a creditor not to record a security given, upon the ground that such act would tend to affect its credit, is not of itself evidence from which an intent to defraud creditors could be inferred. The court found as a fact " that at the time of said settlement, and the agreement to extend the time of payment of said indebtedness of said firm upon said promissory notes, and of the execution and delivery of said mortgage to said bank, the said firm was apparently solvent and engaged in business in the city of New York, and said Charles Lewis and his brothers were the owners and in possession of a stock of goods of the value of $15,000 and upwards, out of which executions upon judgments which but for said settlement might have been taken and entered, could have been satisfied ; that at the time of said settlement the bank was entitled to enter judgment in all of said actions ; " and there is evidence to sustain this finding. There was no finding that this firm was, at the time of this agreement, insolvent, or that the agreement was made with the intent either on behalf of the said firm or of the bank to hinder, delay and defraud the creditors of the firm. As before stated, the complaint makes no such allegation. No such claim appears to have been made upon the trial. We do not think, therefore, that the question could be presented upon this appeal. But if it could be, we are of the opinion that there is no evidence that would require

the court below to find that this agreement was made in fraud of creditors, or that the mortgage was given with a like intent, which would justify the court in holding that the plaintiff was not a *bona fide* mortgagee for value.

The cases relied on by counsel for the plaintiffs do not apply. In those cases it was found that the intent of the parties in secreting the mortgage or security was for the purpose of enabling debtors to obtain credit and to continue their business, when in fact they were insolvent; that the concealment of a security given with such intent was evidence from which the court could find that the security was given with an intent to hinder, delay and defraud creditors, and was thus void at the suit of one of the creditors who was thus defrauded. A different question is presented when it appears that there was no question of the debtor's solvency, no intent to give to the debtor a fictitious credit which would enable him to defraud others, and where, so far as appears, no creditor was actually defrauded. We think, therefore, that the case was properly disposed of.

The plaintiff, however, objects to an extra allowance which was granted by the judgment, and we are inclined to think that there was no basis upon which the court could grant such allowance. There was no evidence before the court as to the value of this lease-hold property at the time of the trial, the possession of which the plaintiffs seek to recover. It is true that there was evidence that this property was bought several years before the commencement of the action for the sum of $2,500. Since that time, however, a considerable portion of the period during which the lease was to run has expired. A statement was introduced in evidence, made by Charles Lewis, as to the value of the mortgaged property at the time of the transaction in question, in which the value of this lease-hold was placed at $8,000; but this is certainly no evidence as against these plaintiffs of the value of the property, and the defendant bank objected to this valuation on the ground that it was grossly excessive. A leasehold property of this character cannot be assumed to have any value, and had the defendant desired to obtain any affirmative relief based upon the value of the property in controversy, they were bound to present evidence to the court from which such value could be ascertained.

We think, therefore, that the judgment should be modified by striking out the provision allowing these respondents an extra allowance, and as so modified affirmed, with costs to the respondents.

VAN BRUNT, P. J., BARRETT, RUMSEY and O'BRIEN, JJ., concurred.

Judgment modified by striking out extra allowance, and as modified affirmed, with costs to respondents.